UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KHANH M. LE,

               Plaintiff,

v.

SACRAMENTO MENTAL HEALTH TREATMENT CENTER, et al.,,

               Defendant.

CASE NO. 3:24-CV-5447-DGE

REPORT AND RECOMMENDATION

Noting Date: July 15, 2024

The District Court has referred Plaintiff Khanh M. Le's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On June 7, 2024, Plaintiff Khanh M. Le initiated this action and, on June 10, 2024, Plaintiff filed a completed application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 4; 4-1.

The Court has reviewed Plaintiff's Proposed Complaint and finds venue is not proper in the Western District of Washington. Therefore, the Court recommends this case be transferred to the Eastern District of California.

REPORT AND RECOMMENDATION - 1

I.  **Background**

In the Proposed Complaint, Plaintiff appears to allege his rights were violated related to an incident that occurred in California at the Sacramento Mental Health Treatment Center. Dkt. 4-1. He names the Sacramento Mental Health Treatment Center and employees of the Sacramento Mental Health Treatment Center as Defendants. *Id*. The Court has not ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

II. **Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from Plaintiff's Proposed Complaint his claims arise out of actions committed in Sacramento, California. Dkt. 4-1. Sacramento is located in Sacramento County, California, which is in the Eastern District of California. *See* 28 U.S.C. §84(b). Plaintiff has not named any defendants who are located in the Western District of Washington. Therefore, the Court concludes venue is improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* filer. *See* Dkt. 1, 4. The Court finds the Proposed Complaint contains several potential deficiencies. For example, the Proposed Complaint may be time-barred and may not sufficiently put Defendants on notice of the claims alleged against them. However, the Court finds dismissing the case and directing Plaintiff to refile in the Eastern District of California would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

### III. Conclusion

The Court finds venue is improper. In the interest of justice, this case should be transferred to the proper venue, not dismissed. Accordingly, the Court recommends this case be transferred to the Eastern District of California. The Court recommends deferring the decision to grant IFP status and the screening the proposed complaint to the Eastern District of California.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 15, 2024, as noted in the caption.

Dated this 24th day of June, 2024.

David W. Christel
United States Magistrate Judge