|  |  |
|---|---|
| | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Khanh Le,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Sacramento Mental Health Treatment Center et a,<br><br>　　　　　　　　Defendant. | CASE NO. 24-cv-05447<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 5) |

　　　　This matter comes before the Court on the Report and Recommendation of Magistrate Judge David W. Christel.  (Dkt. No. 5.)  Plaintiff Khanh Le timely filed objections (Dkt. No. 6) and a motion for updated evidence (Dkt. No. 7.)

　　　　According to the proposed complaint attached to his application to proceed *in forma pauperis* ("IFP"), Le alleges his rights were violated when he was involuntarily confined to a mental hospital.  (Dkt. No. 1-1 at 10.)  Le, who was subject to a mental health warrant, alleges he was "taken" on August 30, 2011 and questioned on January 27, 2012.  (*Id.* at 6–7.)  Le provided a letter from Defendant John Grozdanic, a facility liaison at the Department of Health and

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 5) - 1

1  Human Services for the County of Sacramento, which recommended Le be accepted to

2  Sacramento Mental Health Treatment Center for inpatient psychiatric treatment based on a

3  referral from the Superior Court of California.  (Dkt. No. 7 at 2.)  Le alleges this document was

4  falsified.  (*Id.*)  Although the complaint is somewhat unclear as to what transpired, Le appears to

5  request $2 million in damages for the day he was taken and improperly held, as well as for the

6  subsequent 13 years of emotional stress regarding the incident.  (*Id.* at 10.)

7        Judge Christel, who reviewed Plaintiff's proposed complaint and IFP application,

8  determined venue is not proper in the Western District of Washington and recommended the case

9  be transferred to the Eastern District of California.  (Dkt. No. 5 at 1.)  Le filed an objection to the

10  transfer.  (Dkt. No. 6.)

11        A district judge must determine *de novo* any part of the magistrate judge's disposition to

12  which a party has properly objected.  The district judge may accept, reject, or modify the

13  recommended disposition; receive further evidence; or return the matter to the magistrate judge

14  with instructions. Fed. R. Civ. P. 72(b)(3).  Nevertheless, objections to a magistrate judge's

15  report and recommendation are not an appropriate vehicle to rehash or re-litigate the points

16  considered and resolved by the magistrate judge.  *See, e.g., El Papel LLC v. Inslee*, 2021 WL

17  71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are

18  merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the

19  Court will not address each objection here."); *Aslanyan v. Herzog*, 2014 WL 7272437, at *1

20  (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and

21  recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his

22  amended opening memorandum or in his reply memorandum").

23

24

Upon review of the record and Judge Christel's report and recommendation, this Court agrees venue is not proper. Defendants are the Sacramento Mental Health Treatment Center and Tonya Ovell and John Grozdanic, who are facility liaisons. (Dkt. No. 1) Although the Court has not ordered the Clerk's Office attempt service of process, the Western District of Washington is neither a judicial district in which any defendant appears to reside nor where any portion of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

Plaintiff's objection argues the Defendants in this case have threatened him and told him not to return to California, have made him afraid to return to California, and thus he requests the case be heard in Washington. (Dkt. No. 6 at 1.) He also explains his local police department advised him not to return to California but to file the case at his local federal court. (*Id.* at 2.) While the Court appreciates Plaintiff's apprehension, as a matter of law, the venue rules do not account for a plaintiff's personal preference if his preferred venue is improper.

Accordingly, and having considered Judge Christel's Report and Recommendation, Plaintiff's objection, and the remainder of the record, the Court finds and ORDERS that the Report and Recommendation (Dkt. No. 5) be ADOPTED in full. Plaintiff's objections (Dkt. No. 6) are OVERRULED. The Court does not address Plaintiff's Motion for Updated Evidence (Dkt. No. 7) as venue is improper. The Clerk is DIRECTED to transfer this matter to the Eastern District of California.

Dated this 1st day of August 2024.

David G. Estudillo
United States District Judge